AO 245B    (Rev. 3/01) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

__Western__ District of __Pennsylvania__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| BRYAN J. HAWES | Case Number:  04-82 |
| | James Brink |
| | Defendant's Attorney |

**THE DEFENDANT:**

X   pleaded guilty to count(s)   1 & 2 of the information.

☐   pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐   was found guilty on count(s) _____
    after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1341 | Mail Fraud | October 2003 | 1&2 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s) _____

☐   Count(s) _____ ☐ is ☐ are   dismissed on the motion of the United States.

☐   The mandatory special assessment is included in the portion of this Judgment that imposes a fine.

X   It is Ordered that the defendant shall pay to the United States a special assessment of   $200.00   which shall be due immediately.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

N/A
Defendant's USM No.

June 29, 2006
Date of Imposition of Judgment

*[signature]*
Signature of Judicial Officer

Donetta W. Ambrose, Chief United States District Judge
Name and Title of Judicial Officer

7-10-06
Date

| | |
|---|---|
| DEFENDANT: | Hawes |
| CASE NUMBER: | 4-82 |

Judgment — Page 2 of 5

## IMPRISONMENT

X  The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 76 months at each of Counts 1 & 2 to be served concurrently.

X  The court makes the following recommendations to the Bureau of Prisons:

Incarceration as close to Denver Colorado as possible.

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

　　☐  at _____ ☐ a.m. ☐ p.m. on _____ .

　　☐  as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　☐  before 2 p.m. on _____ .

　　　　as notified by the United States Marshal.

　　☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 3/01) Judgment in a Criminal Case

Judgment—Page  3  of  5

DEFENDANT:        Hawes
CASE NUMBER:   4-82

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

3 years at each of Counts 1 & 2 with the terms to run concurrently.

While on supervised release, the defendant shall not commit another Federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by the court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

X    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

☐    The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

X    The defendant shall not possess a firearm or destructive device, or any other dangerous weapon.
☐    The defendant shall cooperate in the collection of DNA as directed by the probation officer.
☐    The defendant shall register with the state sex offender regrstration agency in the state where the defendant resides, works, or is directed by the probation officer.
☐    The defendant shall participate in an approved program for domestic violence.
X    Additional conditions (See below)

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

X    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

Additional Conditions:

1. The defendant shall not illegally possess a controlled substance.

2. Any unpaid restitution shall be paid as a condition of supervised release at a rate of not less than ten percent of the defendant's gross monthly income.

3. The defendant shall provide the probation officer with access to any requested financial information.

4. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

Judgment—Page 4 of 5

DEFENDANT: Hawes
CASE NUMBER: 4-82

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) the defendant shall not commit another Federal, state or local crime;

2) the defendant shall not leave the judicial district without the permission of the court or probation officer;

3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5) the defendant shall support his or her dependents and meet other family responsibilities;

6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9) the defendant shall not frequent places where controlled substances are illegally sold used, distributed, or administered;

10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history of characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**These conditions are in addition to any other conditions imposed by this Judgment.**

AO 245B    (Rev. 3/01) Judgment in a Criminal Case

Case 2:04-cr-00082-DWA   Document 50   Filed 07/10/06   Page 5 of 8

Judgment—Page  5  of  5

DEFENDANT: Hawes
CASE NUMBER: 4-82

## RESTITUTION, FORFEITURE, OR OTHER PROVISIONS OF THE JUDGMENT

X   The defendant shall make restitution to the following persons in the following amounts:

| NAME OF PAYEE | AMOUNT OF RESTITUTION |
|---|---|
| see attachment pages | see attachment pages |

Payments of restitution are to be made to:

☐   the United States Attorney for transfer to the payee(s).
X   Clerk, U. S. District Court, for transfer to the payee.

Restitution shall be paid:

☐   in full immediately.
☐   in full no later than
☐   in equal monthly installments over a period of _____ months. The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.
X   in installments according to the following schedule of payments:

the defendant shall make restitution in the aggregate amount of **$2,276,565.31** with credit given to the defendant for any monies paid by a third party to the victims in the event it should be determined that the sum of $125,000 is not due and owing from defendant. Any restitution balance that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervised release and will not be subject to interest. Restitution shall be disburse to the identified victims in proportion to their losses.

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f) and may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

X   The Court has determined that the defendant does not have the ability to pay interest. It is Ordered that:

   X   the interest is waived.
   ☐   the interest requirement is modified as follows:

Any payment shall be divided among the payees named unless otherwise specified here.

## FORFEITURE

☐   The defendant is ordered to forfeit the following property to the United States:

| Victim | Loss Amount | Restitution Amount |
|---|---|---|
| Francis Atkinson<br>54 Pittsburgh Circle<br>Ellwood City, PA 16117 | $70,000.00 | $31,230.00 |
| Jan and Anita Barkman<br>2203 August Drive<br>Evergreen, CO 80439 | $465,771.00 | $465,771.00 |
| William Chidester<br>275 Walnut Street<br>Baden, PA 15005 | $20,947.00 | $20,947.00 |
| Leonard and Mary Cook<br>1012 Victoria Place<br>Gibsonia, PA 15044 | $9,965.00 | $9,965.00 |
| John and Barbara Dan<br>27352 Betanzos<br>Mission Viejo, CA 92692 | $97,098.00 | $97,098.00 |
| Barbara Druschel/CO Susan Hart<br>100 Camelot Court<br>Cranberry, PA 16088 | $2,500.00 | $2,500.00 |
| Thomas and Marie Evangelista<br>1518 King Charles Drive<br>Pittsburgh, PA 15237 | $4,978.00 | $4,978.00 |
| James and Stacey Eyerman<br>833 Chateau Drive<br>Ellwood City, PA 16117 | $8,271.00 | $8,271.00 |
| Kenneth Fox<br>323 Sixth Street<br>Ellwood City, PA 16117 | $55,336.89 | $44,176.89 |
| Andrew and Amy Funka<br>1270 Annette Street<br>Johnstown, PA 15905 | $11,498.00 | $11,498.00 |
| Thomas and Nancy Funka<br>3675 Maplevue Drive<br>Bethel Park, PA 15102 | $20,740.00 | $20,740.00 |
| Susan Gault<br>163 Kathleen Drive<br>Pittsburgh, PA 15227 | $39,145.45 | $39,145.45 |
| Dorothy Grala<br>292 Line Street<br>Ellwood City, PA 16117 | $59,000.00 | $45,500.00 |
| Martha Gropp<br>584 Golf Course Road<br>Aliquippa, PA 15001 | $11,118.00 | $11,118.00 |

| | | |
|---|---|---|
| William and Martha Hagen<br>13254 Turf Terrace, Mt. Ary, MD 21771 | $3,000.00 | $3,000.00 |
| Mark and Susan Hart<br>100 Camelot Court<br>Cranberry, PA 16066 | $3,351.00 | $3,351.00 |
| Helen Hawes<br>PO Box 1065<br>Allyn, WA 98524 | $381,876.31 | $381,876.31 |
| Nila, Tapin, and Naval Kant<br>14 Westridge Lane<br>Lewisburg, PA 17837 | $219,532.00 | $219,532.00 |
| Elizabeth McDonald<br>108 Primrose Avenue<br>Glenshaw, PA 15116 | $228,891.83 | $228,891.83 |
| Dorothy McKinney / Richard Kerlin (POA)<br>5941 Victor Circle<br>Alliquippa, PA 15001 | $87,250.00 | to be determined |
| Leeann McLaughlin<br>113 Saybrook Hbr., Apt. 244<br>Bradford Woods, PA 15015 | $6,641.63 | $6,641.63 |
| Robert McIlvaine<br>108 Cherry Avenue<br>Houston, PA 15342 | $67,919.49 | $67,919.49 |
| Richard and Barbara Moon<br>119 Hamilton Lane<br>Valencia, PA 16059 | $45,000.00 | $45,000.00 |
| M. Hulda and Thomas Moore<br>307 North Market Street, Apt. 3<br>New Wilmington, PA 16142 | $238,940.00 | $238,940.00 |
| Delores Morrison<br>1257 McKee Street<br>Crescent, PA 15046 | $48,974.00 | $43,574.00 |
| Jeffrey Munnell<br>633 Long Run Road<br>McKeesport, PA 15132 | $49,472.00 | $49,472.00 |
| Edward and Robert Pesyna<br>16 Robinhood Drive<br>Cranberry, PA 16066 | $28,945.00 | $28,945.00 |
| Rita Ruhe<br>334 Ivy Drive<br>Gibsonia, PA 15044 | $104,833.71 | $104,833.71 |

| | | |
|---|---|---|
| William Ruhe<br>421 Avonlea Court<br>Gibsonia, PA 15044 | $5,070.00 | $5,070.00 |
| Clara Violi<br>401 Sangree Road<br>Pittsburgh, PA 15237 | $80,000.00 | $17,528.00 |
| George Wysong<br>351 Reynolds Drive<br>Wexford, PA 15090 | $17,712.00 | $17,712.00 |
| Christine Young<br>121 Oakdale Drive<br>Zelienople, PA 16063 | $1,340.00 | $1,340.00 |
| **TOTAL** | **$2,495,117.31** | **$2,276,565.31** |